## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**NICHOLAS D. BROWN**                                               **PETITIONER**

**V.**                                         **CIVIL ACTION NO. 3:18cv29-CWR-JCG**

**TIMOTHY OUTLAW**                                               **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for Writ of

Habeas Corpus by a Person in State Custody, filed by Petitioner Nicholas D. Brown.

Respondent, Warden Timothy Outlaw, has filed a Motion to Dismiss (ECF No. 8),

and twice supplemented (ECF Nos. 15, 19) the Motion to Dismiss to provide updates

regarding Brown's postconviction proceedings in state court. Brown ultimately

received postconviction relief in May 2018. Based upon information provided by the

Mississippi Department of Corrections (MDOC), Brown was released from

incarceration around July 30, 2018, and is on GPS monitoring in Simpson County,

Mississippi.[1]  Brown has not updated his address, and he has not responded to

Respondent's most recent supplement to the Motion to Dismiss, which was filed on

December 14, 2018.[2]  Brown has not filed anything with the Court in this case since

---

[1] An MDOC notification of release for Brown indicates that Brown was scheduled to be
paroled July 30, 2018. (ECF No. 18-3, at 1). Respondent's counsel was advised by MDOC
officials that Brown has been released and is currently on GPS monitoring. (ECF No. 19, at
4). Brown is no longer listed as an inmate on MDOC's website.
https://www.ms.gov/mdoc/inmate/Search/index

[2] Brown's record address remains Marshall County Correctional Facility in Holly Springs,
Mississippi.

July 5, 2018, prior to his release. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that all claims in the Petition should be dismissed with prejudice. The portion of Brown's Petition challenging his conviction and sentence for possession of codeine is moot. All claims are procedurally defaulted and barred from federal review.

## BACKGROUND

In April 2013, Brown was indicted by a Simpson County grand jury on two counts of possession of a controlled substance. *Brown v. State of Mississippi,* No. 2016-CP-00600-COA, 2018 WL 5603694 (Miss. Ct. App. Feb. 13, 2018), *reh'g denied* (Oct. 30, 2018). In Count 1, he was charged with possession of approximately 12.1 milliliters of codeine. In Count II, he was charged with possession of approximately 1.2 grams of cocaine. In March 2014, Brown pleaded guilty to only Count II, possession of 1.2 grams of cocaine. At his plea hearing, Brown requested to enter a drug-court program. The trial court withheld acceptance of Brown's guilty plea and placed Brown on nonadjudicated probation. The trial court also accepted Brown's request to enter a drug-court program.

In 2015, Brown was found to have violated the terms and conditions of the drug-court program. The trial court found that Brown's nonadjudicated status should be revoked and accepted his guilty plea. Brown was mistakenly sentenced on both Counts 1 and 2, when he did not plead guilty to Count 1. Brown was sentenced to sixteen years on Count 1 and eight years on Count II, with the sentences to run

2

consecutively.

In October 2015, Brown filed at least four motions for postconviction relief (PCR motion) in the circuit court, alleging that his plea was involuntary, his counsel was ineffective, and the search warrant was invalid. Brown also filed petitions under 28 U.S.C. § 2254 in this Court. In February 2016, Brown filed a § 2254 petition in *Brown v. Stanciel,* Cause Number 3:16-cv-217-HTW-LRA (S.D. Miss.), which was dismissed for failure to exhaust state court remedies. In September 2016, Brown filed a 2254 petition in *Brown v. Mississippi,* Cause Number 3:16-cv-697-CWR-LRA (S.D. Miss.), which was dismissed for failure to exhaust state court remedies.

In November 2016, the circuit court denied Brown's PCR motions. Brown timely appealed. In January 2017, Brown filed a third § 2254 petition in this Court, *Brown v. Lee,* Cause Number 3:17-cv-49-TSL-JCG (S.D. Miss.), which was dismissed as duplicative of Cause Number 3:16-cv-697-CWR-RHW (S.D. Miss.). In June 2017, Brown filed a fourth § 2254 petition in *Brown v. State of Mississippi,* Cause Number 3:17-cv-460-HSO-FKB (S.D. Miss.), which was dismissed for failure to prosecute. Brown's fifth § 2254 petition, filed January 12, 2018, is the instant Petition. In it, Brown urges that his plea was involuntary, his trial counsel was ineffective, the search warrant was invalid, and there was no factual basis for his plea.

On February 13, 2018, the Court of Appeals of the State of Mississippi handed down its original decision affirming the denial of Brown's PCR motions in

3

Cause Number 2015-291-1. *See Brown v. Mississippi,* No. 2016-CP-00600-COA, 2018 WL 833097 (Miss. Ct. App. Feb. 13, 2017). Brown timely filed for rehearing. While Brown's rehearing motion was pending, the circuit court entered an order on March 14, 2018, in Brown's criminal cause, 2013-90-K-1, to correct the mistake in Brown's March 2014 order of conviction. The May 2018 circuit court order was also filed in Brown's civil PCR cause, 2015-291-1. The May 2018 order states that the portion of the order of conviction stating that Brown pleaded guilty to possession of codeine was a mistake. The May 2018 order corrects the order of conviction to reflect that Brown only pleaded guilty to possession of cocaine. The May 2018 order corrects the order revoking Brown's nonadjudicated status to strike the sixteen-year sentence for possession of codeine. The May 2018 order provides that all other portions of the order of conviction and revocation order remain in effect.

On October 30, 2018, based upon the circuit court's May 14, 2018, order, the Court of Appeals withdrew its initial opinion and entered a superseding opinion, which denied in part and dismissed as moot in part Brown's motion for rehearing. *See Brown v. State of Mississippi,* No. 2016-CP-00600-COA, 2018 WL 5603694 (Miss. Ct. App. Feb. 13, 2018), *reh'g denied* (Oct. 30, 2018). Brown did not seek certiorari review from the Mississippi Supreme Court of the Court of Appeals' decision.

Brown appealed the circuit court's order in his criminal case that corrected the order of conviction and struck the sixteen-year sentence for possession of codeine. Brown filed that appeal on July 20, 2018, about ten days before his release.

The appeal remains pending in Court of Appeals Cause Number 2018-TS-1046-COA, although Brown's motion for leave to appeal in forma pauperis was denied in December 2018, and he has not paid the filing fee. It appears that Brown has abandoned both this action and the state court appeal he filed on July 20, 2018.

## DISCUSSION

A.  <u>Standard of Review</u>

Exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . . .
> (c) an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, the petitioner must first present his claims to the highest state court in a procedurally proper manner so that the highest state court is given a fair opportunity to consider and pass upon challenges to a conviction, before those issues come to federal court for habeas corpus review.

5

*O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). This is so because state courts,

"like federal courts, are obliged to enforce federal law." *Id.* at 844. Thus, "when a

prisoner alleges that his continued confinement for a state court conviction violates

federal law, the state courts should have the first opportunity to review this claim

and provide any necessary relief." *Id.* Exhaustion results from the petitioner's

pursuit of his claim through state courts either by direct appeal or by postconviction

proceedings. *See Orman v. Cain,* 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000).

B.    Analysis

    1.    The portions of the Petition challenging Brown's conviction and
          sixteen-year sentence for possession of codeine are now moot

Brown's order of conviction was corrected in May 2018, and his sixteen-year

sentence for possession of codeine was stricken. The Mississippi Court of Appeals, in

its October 30, 2018, decision found that Brown's rehearing arguments relating to

Count 1 were moot. *Brown v. State of Mississippi,* No. 2016-CP-00600-COA, 2018

WL 5603694 (Miss. Ct. App. Feb. 13, 2018), *reh'g denied* (Oct. 30, 2018). This Court

should also find moot the portions of Brown's § 2254 Petition challenging the initial,

incorrect order of conviction and sixteen-year sentence for possession of codeine.

    2.    The claims in the Petition are procedurally defaulted and barred from
          review by this Court

In its October 30, 2018, decision, the Court of Appeals denied in part and

dismissed as moot in part Brown's motion for rehearing. The Court of Appeals found

that Brown's plea was voluntary, he failed to establish ineffective assistance of

counsel, and his plea hearing was adequate. Brown did not seek Mississippi

6

Supreme Court certiorari review of the Court of Appeals' October 30, 2018, decision. Brown had fourteen days from October 30, 2018, to do so. *See* M.R.A.P. 17(b).

Because Brown did not seek certiorari review by the Mississippi Supreme Court, he failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(c). *See O'Sullivan,* 526 U.S. at 844-45; *McGruder v. Epps,* Cause No. 5:05-cv-20-DCB-MTP, 2007 WL 4644627, *3-5 (S.D. Miss. Dec. 17, 2007), report and recommendation adopted, ECF No. 23 (S.D. Miss. Jan. 7, 2008). Brown's failure to timely seek certiorari review results in a procedural default of the claims in the Petition and bars their review by this Court. *See O'Sullivan,* 526 U.S. at 848; *McGruder,* 2007 WL 4644627, *4-5. Brown no longer has the ability to exhaust the claims in the Petition because the time for filing for certiorari review before the Mississippi Supreme Court has long passed. Because he failed to respond to the most recent supplement to Respondent's Motion to Dismiss, Brown offered no arguments for overcoming the procedural bar. All claims in the Petition should be dismissed with prejudice because they are procedurally barred. *See Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen . . . state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.").

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 8) be GRANTED and the claims in Brown's § 2254 Petition DISMISSED WITH PREJUDICE.

NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec. 1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file with the Clerk any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 12th day of February, 2019.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE